## CATHALENA E. LANDER *vs*. CITY OF BATH.

### Sagadahoc.   Opinion November 30, 1892.

*Way.   Culvert.   Town.   Railroad.   R. S., c. 18, § 27; Stat. 1889, c. 282.*

In an action against a city for flooding the plaintiff's premises by means of an insufficient culvert along an open water way or course under the street, it appeared that a railroad had included that portion of the street in its location; and that the duty of maintaining both street and culvert had passed from the city to the railroad which built the culvert and ever since maintained it; and that the acts complained of were those of the railroad and not of the city. *Held*, that the action could not be sustained.

AGREED STATEMENT.

The case is stated in the opinion.

*J. M. Trott*, for plaintiff.

Counsel cited : *Estes* v. *China*, 56 Maine, 407 ; *Welcome* v. *Leeds*, 51 Maine, 313 ; *Bates* v. *Westborough*, 151 Mass. 174.

*W. E. Hogan and F. L. Staples*, for defendant.

HASKELL, J.   Case against the city of Bath to recover damages for flooding the plaintiff's premises, caused by an insufficient culvert under Centre street.

It is agreed that the plaintiff may recover, unless the fact that, prior to the plaintiff's injury, the Maine Central Railroad included the culvert within the limits of its location, having before that time

rebuilt the same, and ever since exercised exclusive control and maintenance of it, is a defense.

The trend of modern decisions is to give railroad companies exclusive control of their roadways within the limits of their respective locations. This has become necessary to insure safety for the public as well as protection for the corporations. Railway traffic has phenomenally increased, both in volume and dispatch. By their charters, railroads acquire the right of way over land not owned by them. This easement they should control so as to fully secure the purposes of it. It requires that they should hold and enjoy the exclusive possession of their respective roadways. It would be extremely dangerous to railroad travel, if strangers were allowed to enter upon their roadways and repair crossings, dig drains, construct culverts, or do any act that might interrupt the regularity of transit or threaten the safety of passing trains.

In this case, therefore, it is considered that defendant had no right to repair the defective culvert or drain passing under its street within the limits of the railroad. *Hayden* v. *Skillings*, 78 Maine, 417; *Railroad* v. *Commissioners*, 79 Maine, 392.

The culvert was a condition necessary for the maintenance of the street and a part of it. The city had no right to obstruct the flow of water through the "open water way or course" or "open drain or sewer" that had existed "from time immemorial," and of course long prior to the construction of the street. If it did so, to the injury of any one, it would have become liable in damages. *Parker* v. *Lowell*, 11 Gray, 353.

When the railroad company included that portion of the street containing the culvert within the limits of its railroad, the duty of maintaining both passed from the city to the railway corporation. The duty of maintaining the former, is imposed by the letter of the statute, R. S., c. 18, § 27, amended in 1889, c. 282, and of the latter, as incident to it and necessarily included in it.

The agreed statement shows that the culvert complained of was built by the railway company prior to the plaintiff's injury, and has ever since been maintained by it, and that the city has

in no way meddled therewith. If the new culvert has become the cause of a private nuisance, how can the city be chargeable therefor? All acts that contribute to the present condition of things, were the acts of the railway company and not of the city.

This action is not grounded upon the breach of legal duty imposed upon the city, like the duty to keep its ways in repair so that they shall be safe and convenient for travelers, imposed by statute, under which a town has been said to be liable for injuries to a traveler, received at a defective railroad crossing. *Welcome* v. *Leeds*, 51 Maine, 313. It is grounded upon the unlawful obstruction of an ancient " water way or course " into which both sewage and natural drainage flows; and the agreed statement shows that the city did not, in fact, cause the obstruction. It did not create the nuisance. It was not bound by law to see that no one else did it. It was never under any legal obligation to maintain the water way. Its common law duty was not to obstruct it; *Estes* v. *China*, 56 Maine, 407; and it did not. No complaint is made that the culvert was ever insufficient while in the control of the city.

*Plaintiff nonsuit.*

PETERS, C. J., WALTON, VIRGIN, EMERY and WHITEHOUSE, JJ., concurred.